KATHLEEN OLIVIA WRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 40237-84.
United States Tax Court
T.C. Memo 1986-484; 1986 Tax Ct. Memo LEXIS 128; 52 T.C.M. (CCH) 670; T.C.M. (RIA) 86484; September 25, 1986. Kathleen Olivia Wright, pro se. Dennis R. Onnen, for the respondent. COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $285 in Federal *130 income tax against petitioner for 1982. The deficiency is based upon the disallowance of medical expenses claimed by petitioner for her minor daughter. Some of the facts have been stipulated and are so found. The stipulation and annexed exhibits are incorporated herein by reference. At the time the petition was filed, petitioner was a legal resident of Shawnee, Kansas. Petitioner was divorced on February 19, 1982. A written property settlement agreement between petitioner and her former husband, which was incorporated into a judicial decree of separate maintenance and into the decree of divorce, provided that petitioner's former husband would be entitled to claim the dependency exemptions of their two children for income tax purposes. Custody of the two children, however, was awarded to petitioner. During 1982, the former husband paid petitioner the total sum of $7,200 for the support of the children. Petitioner acknowledges her former husband's entitlement to the dependency exemption for the two children and makes no claim that she provided more than half of their support during 1982. Petitioner did not claim the children as dependents on her 1982 return, however, she *131 claimed an itemized medical expense deduction of $2,505 for expenses related to surgery performed on one of the children in 1982. [2] The amount claimed represented costs for the surgery, transportation to the city where the surgery was performed, petitioner's expenses for meals and lodging while there, and the wages petitioner lost while she attended her daughter at the time of the surgery. Respondent agrees that $694.96 of the amount claimed has been substantiated, although respondent denies that petitioner is entitled to a deduction of any portion of the expenses claimed, including the amounts substantiated. Under section 213(a), a taxpayer may claim an itemized deduction for medical expenses paid for the care, not only of the taxpayer, but also medical expenses for the care of a spouse or a dependent as defined in section 152.A "dependent," under section 152(a), includes a son or daughter of the taxpayer "over half of whose support" was provided by the taxpayer. However, section 152(e) provides a special rule *132 where the son or daughter is the child of divorced parents. Section 152(e)(2) provides that such child shall be treated as having received over half of his support from, and, therefore, will be the dependent of, the parent not having custody of the child if either the divorce decree, the decree of separate maintenance, or any written agreement between the parents provides that the parent not in custody shall be entitled to the dependency exemption for such child and if such parent not in custody provides at least $600 for the support of such child during the calendar year. [3]
Petitioner's fact situation fits squarely within the above rules. *133 The law clearly provides that medical expenses are only allowed as deductions where the expenses are incurred on behalf of a "dependent." The child, in this case, was clearly not a dependent of petitioner. Petitioner has asserted no authority from which this general rule would not be applicable and we know of none. Respondent's determination, therefore, is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The amount disallowed in the notice of deficiency is $2,213, representing the medical expenses which exceeded three percent of petitioner's adjusted gross income.↩
3. Section 152(e) has been amended, however, the above statement of the law applies to pre-1985 instruments entitling the noncustodial parent to the dependency exemption. Section 152(e)(4), as amended by section 423(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 799-800. For tax years beginning after 1984, section 213(d)(5) allows either parent the deduction for medical expenses of a child to whom section 152(e) applies, even though such parent is not otherwise entitled to the dependency exemption for such child.↩